UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ERIK LYBARGER,                :      CIVIL ACTION NO. 3:CV-14-0102

      Plaintiff         :      (Judge Nealon)

   v.                  :

LAUREL HARRY,           :
Superintendent, et al.,     :

     Defendants      :

FILED
SCRANTON
JAN 2 3 2014
PER
DEPUTY CLERK

## MEMORANDUM

Erik Lybarger, an inmate confined in the State Correctional Institution Camp Hill ("SCI-Camp Hill"), Pennsylvania, filed this pro se civil rights action pursuant to 42 U.S.C. §1983. (Doc. 1, complaint). The named Defendants are SCI-Camp Hill Superintendent Laurel Harry, Healthcare Administrator Ed Shoop, and Grievance Coordinator John Doe. Id.

Plaintiff challenges his sentence based on the fact that he is "being unconstitutionally confined for [his] political beliefs, signing all commitment papers under duress" and "therefore the Pa. DOC prison 'entity' does not have consent to house, treat medically/physically, handle mail, manage [his] money, etc." Id. He also alleges that the Defendant-Warden refuses to order the law librarian to issue him a PCRA or to make copies so he can present his claim in the Pennsylvania

Superior Court. Id. (citing 1692 WDA 2013). For relief, Plaintiff seeks "discharge from custody, nominal, punitive and compensatory damages" and injunctive relief. Id.

Pursuant to 28 U.S.C. § 1915A, the Court shall review, before docketing, if feasible, or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. Upon review, the court shall dismiss actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) and (2). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008); Erickson v. Pardus, 551 U.S. 89, 93 (2007).

Because Plaintiff proceeds pro se, his pleading will be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson, 551 U.S. at 94 (citations omitted). This Court has conducted an initial screening of Plaintiff's complaint, and for the reasons set forth below, the complaint will be dismissed as frivolous.

## Discussion

A plaintiff, in order to state a viable § 1983 claim, must plead two essential elements:  1) that the conduct complained of was committed by a person acting under color of state law, and 2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States.  Groman  v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

With respect to Plaintiff's request for compensation for "illegal incarceration", it is well-settled that prisoners cannot use § 1983 to challenge the fact or duration of their confinement or to seek immediate or speedier release. Preiser v. Rodriguez, 411 U.S. 475 (1973).  The United States Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S.477 (1994).  "The complaint must be dismissed unless the plaintiff can demonstrate that the conviction or

3

sentence has already been invalidated." Id.

Because there is no indication of record that there has been a successful prior adjudication pertaining to Plaintiff's alleged unlawful conviction or sentence, it is appropriate to dismiss the claim for damages as legally frivolous. See Lybarger v. Harry, et al., No. 3:14-cv-101 (M.D. January 21, 2014) (pending habeas corpus petition challenging Lybarger's criminal conviction imposed by the Cambria County Court of Common Pleas); Commonwealth v. Lybarger, Appeal No. 1692 WDA 2013 (October 23, 2013) (pending state criminal appeal from Lybarger's criminal conviction imposed by the Cambria County Court of Common Pleas). Plaintiff cannot, under Heck, maintain a cause of unlawful imprisonment until the basis for that imprisonment is rendered invalid. See also Mitchell v. Department of Corrections, 272 F. Supp. 2d 464, 473 (M.D. Pa. 2003) (holding that the favorable termination rule of Heck, under which a state inmate must secure a determination of invalidity of his conviction or sentence before seeking § 1983 damages for unconstitutional conviction or confinement, applies to suits by prisoners who no longer are in custody, even though federal habeas relief no longer is available due to the prisoner's release).

As to Plaintiff's claim that he was denied copying and legal documents, the allegations will be liberally construed to raise an access to courts

4

claim. To succeed on such a claim, "Plaintiff must allege an actual injury resulting from the alleged deprivation." Woodson v. Colajezzi, 2012 U.S. Dist. LEXIS 149055, *9 (E.D. Pa. 2012). "[A]n 'actual injury' does not occur without a showing that a claim has been lost or rejected." Powell v. Kirchner, 2013 U.S. Dist. LEXIS 180624, *14 (M.D. Pa. 2013) (Conner, J.). Plaintiff does not allege any resulting injury. See Williams v. Lackawanna County Prison, 2010 U.S. Dist. LEXIS 36410, *21 (M.D. Pa. 2010) (McClure, J.) (dismissing the access to courts claim on screening because the plaintiff failed to allege how he was harmed by being denied access to the law library to make copies). Furthermore, a review of the appellate docket reflects that his appeal was recently remanded to the trial court where it is currently pending. See Lybarger, Appeal No. 1692 WDA 2013 (January 9, 2014). Because no legal claim has been lost or rejected, leave to amend would be futile. See Powell, 2013 U.S. Dist. LEXIS 180624 at *15-16 (citing Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002)). Plaintiff's remaining claim will therefore be dismissed.[1]

Finally, Plaintiff admits that he has failed to exhaust administrative remedies. (Doc. 1). The Prison Litigation Reform Act of 1995 ("PLRA") requires

---

1. Additionally, "Plaintiff's failure to allege the Warden's personal involvement in the alleged wrongs is fatal to his claims." Woodson, 2012 U.S. Dist. LEXIS 149055 at *12-13.

prisoners to exhaust prison grievance procedures before filing suit. <u>See</u> 42 U.S.C. § 1997e. "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." <u>Porter v. Nussle</u>, 534 U.S. 516, 532 (2002).  When it is clear from the face of the complaint that the plaintiff did not complete the prison's grievance procedures, sua sponte dismissal is appropriate.  <u>Ahmed v. Dragovich</u>, 297 F.3d 201, 209-11 (3d Cir. 2002); <u>Jones v. Lorady</u>, 2011 U.S. Dist. LEXIS 64672 (M.D. Pa. 2011) (Kosik, J.).

Under the circumstances, the Court is confident that service of process is not only unwarranted, but would waste the increasingly scarce judicial resources that § 1915(d) is designed to preserve.  <u>See</u> <u>Roman v. Jeffes</u>, 904 F.2d 192, 195 n.3 (3d Cir. 1990).

A separate order will be issued.


Dated: January 24, 2014

_____
**United States District Judge**